**XIAO QIN SHI, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–4436–AG.**

United States Court of Appeals, Second Circuit.

Aug. 11, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Frank R. Liu, New York, NY, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan; J. Joseph Rossi, Assistant United States Attorney, Grand Rapids, MI, for Respondent.

Present B.D. PARKER, RICHARD C. WESLEY and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiao Qin Shi, through counsel, petitions for review of the July 2004 order affirming the Immigration Judge's (George T. Chew) decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume familiarity with the underlying facts and the procedural history.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). It is our well-established practice to afford "particular deference to the credibility determinations of [an] IJ." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks and citation omitted).

We are persuaded that substantial evidence supports the IJ's and BIA's determination that Shi failed to establish a reasonable probability of persecution upon return to China through credible testimony. The IJ's adverse credibility determination was based upon several relevant inconsistencies between Shi's airport statement and her testimony. *See Secaida–Rosales*, 331 F.3d at 307 (stating that it is well-settled that adverse credibility determinations must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding).

Petitioner's asylum claim was based upon incidents allegedly arising from her informing a pregnant neighbor of officials' intention to enforce a birth control policy against her. The IJ noted that during her airport interview, Shi stated that she helped more than one person identified by

the family planning agency, but during her testimony, she indicated that she helped only her neighbor. During the interview, Shi alleged that officials came to her home to arrest her and that she pushed an official and escaped. However, at the hearing, Shi testified that she was locked under a stairway in the family planning office. Petitioner was unable to provide explanations for either of these discrepancies. These inconsistencies go to the heart of Shi's claim since they relate to the only basis for her asserted fear of future persecution; therefore, they afford substantial support for the IJ's adverse credibility determination. *See Ye v. Dep't of Homeland Security*, 446 F.3d 289, 295 (2d Cir.2006) ("[Where] the BIA has 'identified a material inconsistency in an aspect of [a Petitioner's] story that served as an example of the very persecution from which he sought asylum,' we hold that the inconsistency afford[s] substantial evidence to support the adverse credibility finding.") (quoting *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005)).

Based on her inconsistent testimony and her inability to provide sufficient corroboration, the IJ appropriately deemed Shi incredible. *See Diallo*, 232 F.3d at 284 ("[W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided or an explanation should be given as to why such information was not presented.") (internal quotation marks and citation omitted).

We agree with the IJ's conclusion that none of the incidents Shi related amount to persecution within the meaning of the INA. *See Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) (explaining that short detention without evidence of mistreatment does not amount to persecution). Finally, none of the incidents has a sufficient nexus to any of the protected grounds listed under the INA. *See Ye*, 446 F.3d at 292–293. To the extent Petitioner's withholding of removal or CAT claims rested on her fear of persecution or torture due to her opposition to China's family planning policy, the IJ's asylum determination precluded success on these claims since they require a higher burden of proof. *See Wu Biao Chen*, 344 F.3d at 276. Accordingly, we conclude the BIA's decision was based on substantial evidence.

We have considered all other arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.